BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE HARMONY LOAN COMPANY,  )
INC. SECURITIES LITIGATION   )   DOCKET NO. 154

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
APR -1 1974
PATRICIA D. HOWARD
CLERK OF THE PANEL

OPINION AND ORDER

BEFORE ALFRED P. MURRAH*, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

This litigation consists of three actions pending in two districts involving the affairs of Harmony Loan Company, Inc., of Covington, Kentucky, which did business in the Greater Cincinnati area. All three actions contain allegations of federal securities laws violations by Harmony Loan Company, its officers, directors, principal shareholders and others. One of the actions was filed in the Southern District of Ohio by the SEC, which requests injunctive relief to prevent further alleged securities laws violations. The other action pending in that district is a protracted dispute between investors in Harmony Loan, which contains class allegations on behalf of all investors in the company. The third action, initiated in the Eastern District of Kentucky by the trustee in Harmony Loan's pending Chapter X bankruptcy proceeding, contains a broadened version of the SEC complaint and includes many more defendants. Several common defendants move the Panel for an order transferring the Kentucky action to the Southern District of Ohio

---

   * Although Judge Murrah was not present at the hearing, he
   has, with the consent of all parties, participated in
   this decision.

for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. The SEC, certain plaintiffs in the Ohio investors action and the bankruptcy trustee oppose transfer. On the basis of the briefs filed and the hearing held we find that transfer of these actions to a single district for coordinated or consolidated pretrial proceedings will neither serve the convenience of the parties and witnesses nor promote the just and efficient conduct of the litigation.

    Movants and other parties assert that the actions have many common parties and share common questions of fact and law concerning numerous Harmony Loan transactions. And they argue that transfer of the actions to a single district is necessary to prevent duplicative discovery.

    We recognize that these actions contain limited common questions of fact. Nevertheless, these actions each seek to protect markedly different interests, request different relief, and are at different stages of development. For example, the trustee's action in Kentucky contains several issues not common to the Ohio investors action, including the issues of sovereign immunity, bank liability, and the propriety of an equitable accounting. Furthermore, the minimal discovery involved in the SEC action is completed and that action appears ripe for decision on the requested injunctive relief. Moreover, there is no danger in this litigation of conflicting class determinations since only the Ohio investors action contains Rule 23 class allegations. And attorneys in the private actions are presently making efforts

- 3 -

at accommodation in order to prevent any duplicative discovery.

Therefore, in light of the factual disparity between the actions and the procedural posture of the SEC action, transfer of the trustee's action to the Southern District of Ohio or inclusion of the SEC action in Section 1407 proceedings could needlessly complicate and delay final disposition of all the actions.

We are aware that the Harmony Loan bankruptcy proceedings and the trustee's securities fraud action are pending before the same judge in the Eastern District of Kentucky. The Panel, however, has often taken the position that there is a potential conflict of duties inherent in the roles of the judges presiding over these types of actions. See In re Penn Central Securities Litigation, 322 F. Supp. 1021, 1023 (J.P.M.L. 1971) and In re Four Seasons Securities Laws Litigation, 328 F. Supp. 221, 223 (J.P.M.L. 1971). Even though we have denied transfer of the actions in this litigation, we are confident that local and federal rules for assignment of actions provide ample means for avoiding or correcting any potential conflict of duties.

IT IS THEREFORE ORDERED that the motion to transfer the actions on Schedule A pursuant to 28 U.S.C. §1407 be, and the same hereby is, DENIED.

| | |
|---|---|
| SCHEDULE A | DOCKET NO. 154 |

### SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| James J. Mathews, et al. v. Harold Fisher, et al. | Civil Action No. 8482 |
| Securities & Exchange Commission v. Harold L. Fisher, et al. | Civil Action No. 8876 |

### EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| Edward S. Monohan, Trustee v. Harold Fisher, et al. | Civil Action No. 1733 |